IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| KEARNEY TRUST CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:11-CV-00815-BCW |
| | ) | |
| THOMAS G. TAYLOR, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter is an interpleader action. Kearney Trust Company initiated the action and deposited $45,073.50 into the Court's registry, and the Court discharged Kearney Trust Company (Doc. #40). Each claimant has the burden of establishing his/her/its right to the interpleaded funds by a preponderance of the evidence. Wright, Miller & Kane, 7 Fed. Prac. & Proc. Civ. § 1714 (3d ed.).

Before the Court are Intervener Robert Mihailovich, Jr.'s ("Mihailovich, Jr.") Motion for Summary Judgment (Doc. #39) and Mihailovich, Jr.'s Motions to Strike Portions of Taylor's and McGiffin's Affidavits (Doc. #45). The Court being duly advised of the premises, for good cause shown, and for the following reasons DENIES said Motions.

A motion for summary judgment must begin with a concise statement of uncontroverted material facts, and each fact must be set forth in a separately numbered paragraph. See Local Rule 56.1(a). Furthermore, each fact must be supported by a reference or citation to where in the record the fact is established. See Fed. R. Civ. P. 56(c)(1); Local Rule 56.1(a). Mihailovich, Jr.'s Motion for Summary Judgment fails to begin with a concise statement of uncontroverted material facts. Eight facts are set forth in separately numbered paragraphs on the Motion's ninth

- 1 -

page, instead of at the beginning.  Additionally, each fact lacks a reference or citation to the record establishing that fact.  The sentence "[a]ll of the above are proven by *Affidavit* by Movant . . . " following the numbered facts is an insufficient reference or citation to the record.  Thus, Mihailovich, Jr.'s Motion for Summary Judgment is procedurally improper.

Defendant Thomas C. McGiffin's ("McGiffin") opposition and Defendant Thomas G. Taylor's ("Taylor") opposition to the Motion for Summary Judgment are also procedurally improper.  In disputing facts, both oppositions fail to refer or cite to the record pursuant to Fed. R. Civ. P. 56(c)(1) and Local Rule 56.1(a).  Similar to Mihailovich, Jr., McGiffin and Taylor each rely upon an affidavit to controvert the material facts.  Mihailovich, Jr. argues statements in these affidavits should be stricken because they provide no admissible evidence on the bases of hearsay, conclusory statements, and lack of personal knowledge.  Regardless of whether the competing affidavits contain admissible evidence and/or create a genuine issue of material fact, Mihailovich, Jr.'s Motion for Summary Judgment fails to provide the legal basis establishing his right to the interpleaded funds.  The standard for granting a motion for summary judgment is "if the movant shows that there is no genuine dispute as to any material fact <u>and</u> the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a) (emphasis added).  Even if each material fact alleged in the Motion is deemed true, Mihailovich, Jr. fails to show why he, as an individual, is entitled to the interpleaded funds.

IT IS HEREBY ORDERED that Mihailovich, Jr.'s Motion for Summary Judgment (Doc. #39) and Mihailovich, Jr.'s Motions to Strike Portions of Taylor's and McGiffin's Affidavits (Doc. #45) are DENIED.

IT IS FURTHER ORDERED that Mihailovich, Jr.'s Motion for Leave to Supplement Response to Thomas Taylor's Untimely Reply is DENIED as MOOT per Mihailovich, Jr.'s

Notice of Withdraw of Motion for Leave to Supplement Response to Thomas Taylor's Untimely Reply (Doc. #52).

    IT IS SO ORDERED.


DATED: <u>July 25, 2012</u>                                  /s/ Brian C. Wimes
                                                                                 JUDGE BRIAN C. WIMES
                                                                                 UNITED STATES DISTRICT COURT