IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| KEARNEY TRUST CO., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:11-CV-00815-BCW |
| ) | |
| THOMAS G. TAYLOR, et al., ) | |
| ) | |
| Defendants. ) | |

# OPINION

On August 22, 2011, Plaintiff Kearney Trust Company ("Kearney") filed this action pursuant to 28 U.S.C. § 1335 and Rule 22 of the Federal Rules of Civil Procedure (Doc. #1). Kearney sought to interplead the disputed $45,073.50 into the Court's registry to be distributed to the proper claimant as determined by the Court. Kearney also sought to be discharged from the matter. The Court granted Kearney's requests; thereafter, Kearney deposited the disputed funds into the Court's registry and was discharged from this matter (Doc. #40).

On August 27, 2012, the Court held a bench trial to determine the rights of the competing claimants to the disputed funds. Defendant Thomas G. Taylor, Defendant Timothy A. McMurray, and Intervenor Robert Mihailovich, Jr. each appeared *pro se* in-person and presented evidence. Intervenor Robert Mihailovich, Sr. appeared *pro se* via telephone and presented evidence. Defendant Thomas C. McGiffin appeared in-person, by counsel, Michael S. Shipley, and presented evidence. Defendants Growth Capital Management, LLC and Farhad N. Mazandarany did not appear. Pursuant to Rule 52(a) of the Federal Rules of Civil Procedure, the Court now issues its findings of fact and conclusions of law in this matter.

# FINDINGS OF FACT

Having heard evidence and considered the parties' proposed findings of fact and conclusions of law, the Court finds the following:

1. Defendant Farhad N. Mazandarany ("Mazandarany") and Defendant Growth Capital Management, LLC are in default.

2. Intervenor Robert Mihailovich, Jr.'s oral motion for default against Defendant Thomas G. Taylor ("Taylor") and Defendant Timothy A. McMurray ("McMurray") was taken under advisement, and the Court allowed Taylor and McMurray to present evidence.

3. The funds at issue are the remaining proceeds of a check issued by Mazandarany, payable to Growth Capital Management (the "Check").

4. The face amount of the Check was $63,141.00.

5. The Check was deposited with Plaintiff Kearney Trust Company ("Kearney"), to the account of Thomas G. Taylor, d/b/a Growth Capital Management on or about December 31, 2008.

6. At the time this action was filed, $45,073.50 of the funds remained on deposit with Kearney, in the account of Thomas G. Taylor, d/b/a/ Growth Capital Management.

7. Kearney made no claim to the funds at issue. It sought and was awarded $4,000.00 in attorneys' fees and $845.79 in costs incurred, and Kearney was discharged from this action on April 24, 2012.

8. Following payment of Kearney's attorneys' fees and costs, $40,227.71 of the interpled funds remain on deposit with the Court.

9. There were substantial conflicts in the evidence presented regarding the ownership of the funds on deposit with the Court.

10. Taylor testified the funds belonged to him since the Check was deposited in an account in the name of Thomas G. Taylor, d/b/a Growth Capital Management for the purpose of starting a new business venture in Missouri after consultation with McMurray and Intervenor Robert Mihailovich, Sr. ("Mihailovich, Sr.").

11. McMurray testified he formerly worked for Growth Capital Management and/or Mihailovich, Sr., on a commission basis.

12. The precise nature or structure of Growth Capital Management was not clear from the evidence, except it was an entity, perhaps a proprietorship or d/b/a, owned or controlled by Mihailovich, Sr. and it was distinct and separate from Growth Capital Management, LLC.

13. McMurray further testified the Check was issued for commissions owed to Growth Capital Management and that Mihailovich, Sr. agreed McMurray could retain the Check as payment for past commissions owed to McMurray on other accounts. Finally, McMurray testified he caused the Check to be delivered to Taylor, with the understanding and authorization that it would be deposited with Kearney in an account titled in the name of Thomas G. Taylor, d/b/a Growth Capital Management for the purpose of starting a new business venture in Missouri.

14. Mihailovich, Sr. testified he has no direct claim to the disputed funds. He testified he developed software and licensed that software to Growth Capital Management, LLC. He testified the Check was issued for commission or management fees owed to Growth Capital Management, LLC and that, upon receipt, Growth Capital Management, LLC would owe Mihailovich, Sr. a portion thereof for licensing. Mihailovich, Sr. further testified Mazandarany did not owe him anything. Mihailovich, Sr. testified McMurray stole the disputed funds and that he reported it to the United States Postal Inspector and United States Attorney.

15. Intervenor Robert Mihailovich, Jr. ("Mihailovich, Jr.") testified he was the sole owner of Growth Capital Management, LLC, which is no longer in business. Mihailovich, Jr. testified the Check was issued for commissions or management fees owed to Capital Growth Management, LLC. Mihailovich, Jr. further testified he, as sole owner of Growth Capital Management, LLC, assigned its claim to the disputed funds to himself personally, without consideration. He testified he did not believe consideration was necessary because he, personally, and Growth Capital Management, LLC were the one and the same. Mihailovich, Jr. testified the assignment was in writing. However, no such writing was produced at trial.

16. Growth Capital Management, LLC, was a Texas limited liability company formed on October 14, 2008.

17. At least some portion of the commissions to be paid by the Check was for services rendered prior to October 14, 2008.

18. Mazandarany's affidavit, admitted into evidence without objection, indicates his making of the Check payable to Growth Capital Management (as opposed to Growth Capital Management, LLC) was intentional and not an oversight.

19. On June 29, 2011, Defendant Thomas C. McGiffin ("McGiffin") obtained a default judgment against Thomas G. Taylor, d/b/a Growth Capital Management in the Circuit Court of Clay County, Missouri in the amount of $50,000.00.

20. McGiffin caused an Execution and Garnishment to be issued upon the default judgment, and McGiffin served it upon Kearney, as garnishee, prior to the institution of this interpleader action.

**CONCLUSIONS OF LAW**

This matter is before the Court to determine the rightful claimant of the disputed $40,227.71. Each claimant has the burden of establishing his/her/its right to the disputed funds

by a preponderance of the evidence. See Consol. Underwriters of S.C. Ins. Co. v. Bradshaw, 136 F. Supp. 395, 397 (W.D. Ark. 1955). The Court must decide whether each party has met his/her/its burden. After carefully reviewing the evidence adduced at trial and the parties' arguments, the Court finds McGiffin is the only claimant who has shown, by a preponderance of the evidence, he is the rightful claimant of the disputed funds.

Missouri law has well established "the fact that funds are deposited in a person's name is prima facie evidence that the funds belong to that person." Pinkstaff v. Hill, 827 S.W.2d 747, 750 (Mo. App. 1992) (citing Baden Bank of St. Louis v. Trapp, 180 S.W. 2d 755, 759 (Mo. App. 1944)). "'Prima facie evidence' is '[e]vidence that will establish a fact or sustain a judgment unless contradictory evidence is produced.'" Dolan v. Powers, 260 S.W.3d 376, 385 (Mo. App. 2008) (citing Hobbs v. Dir. of Revenue, 109 S.W.3d 220, 222 (Mo. App. 2003)). Upon presentation of prima facie evidence, the party challenging it has the burden of proof to demonstrate contrary facts. See Dolan, 260 S.W.3d at 385.

Here, the Check was made payable to Growth Capital Management, and the Check was deposited into a bank account in the name of Thomas G. Taylor, d/b/a Growth Capital Management. Therefore, there is prima facie evidence showing Thomas G. Taylor, d/b/a Growth Capital Management was the owner of the disputed funds. The Court finds no credible evidence to rebut the prima facie evidence that Thomas G. Taylor, d/b/a Growth Capital Management was the owner of the funds and, therefore, concludes Thomas G. Taylor, d/b/a Growth Capital Management is the rightful owner.

Furthermore, the undisputed evidence shows McGiffin obtained a valid default judgment against Thomas G. Taylor, d/b/a Growth Capital Management and caused a garnishment to be served upon Kearney prior to the institution of this lawsuit. The service of the garnishment created and perfected a lien, in the amount of the judgment, upon all accounts held in the name

of Thomas G. Taylor, d/b/a Growth Capital Management, taking priority over all subsequent claims. See Mo. Rev. Stat. § 525.040 (2012); see also Dugan v. Mo. Neon & Plastic Adver. Co., 472 F.2d 944, 949-50 (8th Cir. 1973). Therefore, the Court finds McGiffin is entitled to the disputed funds.

The Court further finds Taylor and McMurray are in default, and the Court's discussion above is not altered by this default finding. Rule 55 of the Federal Rules of Civil Procedure sets out the procedure for entry of default and judgment of default. "When a party . . . has failed to plead or otherwise defend . . . the clerk must enter the party's default." Fed. R. Civ. P. 55(a). The proper pleading in response to a complaint in a civil case in federal court is an answer. See Fed. R. Civ. P. 7(a)(2). The term "otherwise defend" is not defined in the Federal Rules, but it is generally understood to include motions attacking service, motions to dismiss, motions for bills of particulars, or motions for summary judgment. Luxottica Retail N. Am., Inc. v. George L. Haffner Enters., No. 8:11-cv-2433, 2011 U.S. Dist. LEXIS 145127, at *5-6 (M.D. Fla. Dec. 16, 2011) (citing Cowen v. Aurora Loan Servs., No. Civ. 10-452, 2010 U.S. Dist. LEXIS 88484, at *3 (D. Ariz. Aug. 24, 2010); Johnson v. Warner, No. 7:05CV00219, 2009 U.S. Dist. LEXIS 17143, at *10-11 (W.D. Va. Mar. 6, 2009)); Hammond v. Hofbauer, No. 2:08-cv-64, 2008 U.S. Dist. LEXIS 44995, at *2 (W.D. Mich. June 9, 2008). "To avoid default, a defendant must either take steps to file a timely responsive pleading or take some action that indicates an intention to defend the suit." Luxottica Retail N. Am., Inc., 2011 U.S. Dist. LEXIS 145127, at *6 (internal quotations omitted).

Here, neither Taylor nor McMurray filed an Answer to the Complaint. Also, neither party filed a motion attacking service, nor any other motion indicating an intention to defend the suit. However, Taylor and McMurray both appeared *pro se* in-person at the bench trial. The Court is mindful of the Eighth Circuit's strong public policy in favor of resolving disputes on the

- 6 -

Case 4:11-cv-00815-BCW   Document 78   Filed 01/24/13   Page 6 of 8

merits and not by default judgment.  Oberstar v. Fed. Deposit Ins. Corp., 987 F.2d 494, 504 (8th Cir. 1993) (citation omitted); see also United States ex rel. Time Equip. Rental & Sales, Inc. v. Harre, 983 F.2d 128, 130 (8th Cir. 1993) (stating "[d]efault judgments . . . are not favored by the law.").  Although Taylor and McMurray failed to answer the Complaint or file a motion defending their respective positions, they may have "otherwise defended" themselves by appearing at trial, which indicates an intention to defend their positions.  For these reasons, the Court allowed Taylor and McMurray to present evidence.  The Court now finds Taylor and McMurray in default and finds neither is entitled to the disputed funds since both are in default.

Additionally, the Court is not persuaded Growth Capital Management, LLC executed a valid assignment to Mihailovich, Jr.  An effective assignment must be supported by consideration.  See Rose v. Howard, 670 S.W.2d 142 (Mo. App. 1984).  Mihailovich, Jr. conceded there was no consideration in executing the alleged assignment.  Instead, he alleges no consideration was necessary because he and the business entity were one and the same.  Mihailovich, Jr. is arguing, essentially, he is the alter ego of Growth Capital Management, LLC and is seeking to pierce the corporate veil for his own benefit.  While the "legal fiction of a corporation will be disregarded when necessary to prevent fraud or injustice or to check an unlawful purpose. . . . persons who choose to incorporate may not evade the consequences of doing so merely to suit their individual convenience."  Sander v. Mo. Real Estate Comm'n, 710 S.W.2d 896, 899 (Mo. App. 1986) (citation omitted).  The Court concludes there was insufficient consideration for the alleged assignment.

Each claimant in an interpleader action bears the burden of proof on his/her/its respective claim and cannot recover upon the weakness of another's claim.  Osborn v. Home Ins. Co., 914 S.W.2d 35, 37 (Mo. App. 1996) (citing Star-Times Publ'g Co. v. Buder, 245 S.W.2d 59, 69 (Mo. 1951); Century 21 Al Burack Realtors v. Zigler, 628 S.W.2d 915, 916-17 (Mo. App. 1982)).

Thus, a party's failure to prove his/her/its claim does not mean another claimant automatically wins. The Court, therefore, finds Taylor, McMurray, Mazandarany, Mihailovich, Jr., Mihailovich, Sr., and Growth Capital Management, LLC each failed to establish his or its ownership in, right, or entitlement to the disputed funds.

For the reasons discussed above, the Court finds only Defendant Thomas C. McGiffin has shown, by a preponderance of the evidence, he is the rightful claimant of the disputed funds. Thus, Defendant Thomas C. McGiffin is the rightful claimant of the disputed $40,227.71 deposited with the Court. Accordingly, the Court hereby orders the Clerk of the Court to release the $40,227.71 held in the Court's Registry to Defendant Thomas C. McGiffin as soon as practicable. The Clerk of the Court is further ordered to enter judgment accordingly.

IT IS SO ORDERED.


DATED: January 24, 2013                     /s/ Brian C. Wimes
                                            JUDGE BRIAN C. WIMES
                                            UNITED STATES DISTRICT COURT